271 So.2d 527 (1973)
STATE of Louisiana
v.
Derrell D. WARREN.
No. 52758.
Supreme Court of Louisiana.
January 9, 1973.
*528 John W. King, Winnfield, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., J. Reuel Boone, Dist. Atty., Thomas A. Self, Asst. Dist. Atty., for plaintiff-appellee.
PER CURIAM.
The defendant, Derrell D. Warren, was charged by Grand Jury indictment with the crime of murder, La.R.S. 14:30. In a trial by jury he was found guilty of manslaughter, La.R.S. 14:31, and sentenced to fifteen years at the Louisiana State Penitentiary. Defendant relies on eight bills of exceptions reserved and perfected to obtain a reversal of his conviction and sentence.
Bill of Exceptions No. 1 was reserved at a hearing on an application for bail filed by the defendant. The state sought to introduce into evidence a typewritten statement signed by the coroner certifying the cause of death of the deceased. Defense counsel objected to the introduction of the statement on the grounds that no testimony had been taken from the coroner or any other person to identify it as being authentic.
We find that the introduction of the typewritten statement did not prejudice the defendant as far as the determination of his guilt or innocence at the trial. The statement was introduced at the hearing on the application for bail where the only issue to be decided was whether the defendant was entitled to bail. The matter would be viewed differently had the state sought to introduce this unverified typewritten statement at the trial in the presence of the jury. However, this bill was taken during a hearing on a preliminary motion for bail, the denial of which is not subject to appeal and counsel for the defendant did not seek remedial writs. The bill of exceptions is without merit.
Bill of Exceptions No. 2 was reserved by counsel for the defendant, but was not perfected. Therefore, we are unable to consider it.
Bill of Exceptions No. 3 was reserved when the trial court allowed the state to introduce into evidence two photographs of the scene of the crime. One photograph depicts the scene of the crime generally, while the other is a shot of the ground showing two empty .22 calibre cartridge cases. Counsel for the defendant objected to the introduction of the two photographs on the ground that too long a period of time had elapsed between the actual shooting and the discovery of the empty cartridges, and further for the reason that the scene of the shooting had not been placed under security.
We find that the objection of the defendant is without merit. It was not disputed at trial that the deceased died from gun-shot wounds inflicted by a .22 calibre weapon at the scene depicted in the photographs. It was for the jury to decide the weight to be given to the photograph depicting the empty cartridges; it was made clear to them that the photograph was not taken until some twelve to fourteen hours after the shooting took place. The defendant seems to argue that the state must show that the empty cartridges were absolutely connected with the defendant. However, connexity is a matter for the jury to decide as long as the evidence is shown to have some relevance which the trial *529 judge considers sufficient to warrant its introduction. State v. Wright, 254 La. 521, 225 So.2d 201 (1969); State v. Dillon, 260 La. 215, 255 So.2d 745 (1971); State v. Davis, 259 La. 35, 249 So.2d 193 (1971). The bill of exceptions lacks merit.
Bill of Exceptions No. 4 was reserved to the trial court's ruling that the empty .22 calibre cartridge cases mentioned above were admissible in evidence. The defendant objected to the introduction of this evidence on the same grounds mentioned in Bill of Exceptions No. 3, and for the reasons given there, we find this bill is likewise without merit.
Bill of Exceptions No. 5 was reserved when the trial court overruled defense counsel's objection to a re-cross examination by the state of one of the defendant's witnesses. The ground for the objection by defense counsel was that the re-cross examination touched upon matters not covered by the re-direct examination.
Although La.R.S. 15:281 seems to restrict the scope of re-cross examination to the new matter brought out on re-direct, we find that the defendant was not prejudiced by the trial court's allowing the state to re-cross examine the witness under the circumstances presented here. There is no merit to this bill of exceptions.
Bill of Exceptions No. 6 was taken to the trial court's sustaining an objection made by the state to any testimony by Dr. Jack Grindle about his having treated the defendant previously. Out of the presence of the jury it was learned that counsel for the defense was attempting to lay a foundation for the introduction of evidence of an alleged altercation between the defendant and the deceased which had occurred some two years prior to the killing in this case.
We presume that defense counsel was attempting to show evidence of the deceased's dangerous character through the introduction of the alleged altercation between the defendant and the deceased. However, La.R.S. 15:482 provides that "In the absence of evidence of hostile demonstration or of overt act on the part of the person slain or injured, evidence of his dangerous character or of his threats against accused is not admissible."
The trial court found that there had been no evidence of any hostile demonstration or overt act on the part of the deceased, therefore the evidence sought to be introduced by counsel for the defense was properly refused. La.R.S. 15:482; State v. Jones, 257 La. 966, 244 So.2d 849 (1971); State v. Foreman, 256 La. 999, 240 So.2d 736 (1970). This bill of exceptions is without merit.
Bill of Exceptions No. 7 was reserved during the direct examination of the defendant when the defense counsel asked "Had Mr. English ever pulled a knife on you before?". The trial court sustained the state's objection to this question on the ground that no overt act or hostile demonstration on the part of the deceased had been shown. La.R.S. 15:482.
The trial judge was correct in refusing to receive evidence that the deceased had previously threatened the defendant with a knife. In the absence of a showing of a hostile demonstration or overt act on the part of the deceased, this evidence is inadmissible. La.R.S. 15:482; State v. Jones, 257 La. 966, 244 So.2d 849 (1971); State v. Foreman, 256 La. 999, 240 So.2d 736 (1970). The bill of exceptions is without merit.
Bill of Exceptions No. 8 was reserved during the state's cross-examination of the defendant. The state was asking the defendant to recall a question asked by the defense counsel during the direct examination of the defendant, and the defendant's answer thereto. At this point, *530 counsel for the defense objected and made the following argument in support of his objection:
"And I object, Your Honor, because this material was objected to by the prosecutor; he failed to get a ruling from the Court and allowed the material to get into the record and therefore, I object to him cross examining him (the defendant)."
We find that the trial judge was correct in overruling defense counsel's objection. "When a witness has been intentionally sworn and has testified to any single fact in his examination in chief, he may be cross-examined upon the whole case." La.R.S. 15:280. The bill of exceptions lacks merit.
For the reasons assigned, the conviction and sentence are affirmed.