444 So.2d 301 (1983)
STATE of Louisiana
v.
William KENNEDY a/k/a Jerry Payne.
No. 83 KA 0705.
Court of Appeal of Louisiana, First Circuit.
December 22, 1983.
Rehearing Denied January 19, 1984.
Writ Denied March 16, 1984.
*303 William G. Yates, Asst. Dist. Atty., Houma, for State.
Warren J. Daigle, Indigent Defender Bd., Houma, for defendant.
Before PONDER, WATKINS and CARTER, JJ.
WATKINS, Judge.
Defendant, William Kennedy, was charged by bill of information with armed robbery, a violation of LSA-R.S. 14:64. A jury convicted defendant as charged, and he was subsequently sentenced to serve fifty years at hard labor. He has appealed, alleging eight assignments of error:
1. The trial court erred in overruling a defense objection to the in-court identifications of defendant.
2. The trial court erred in denying defendant's motion to strike the identification made by two State witnesses on the grounds that the witnesses had no independent recollection of defendant's identity.
3., 4., 5. The trial court erred in overruling defendant's objection to irrelevant redirect examination.
6. The trial court erred in overruling defendant's objection to the State's questioning.
7. The trial court erred in refusing to grant a mistrial after a prejudicial remark was made by a State witness.
8. The trial court erred in admitting a State exhibit into evidence without a showing of the proper chain of custody.
Defendant was convicted for the armed robbery of a teller at the South Louisiana Bank in Houma, Louisiana. The teller was held up by a man armed with a revolver, who stole approximately $3,500.00 before escaping in a car driven by an accomplice. During the robbery, the teller who was victimized triggered an alarm which activated a camera, photographing defendant in the act of robbing the bank. Defendant was apprehended several months later, after having been wounded during another bank robbery in central Louisiana. Although neither the weapon, nor any of the money was ever recovered, the State presented its case based on the identification of the robber by the bank employees, and the photograph of the robbery in progress.
ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO:
In assignment of error number one, defendant argues that the trial court erred in permitting the victimized teller and three other bank employees to identify defendant during the trial. He argues that the incourt identification was tainted by previous identification procedures which were unduly suggestive because, although three separate line-up identifications were made, defendant was the only subject who appeared in all of the situations.
In assignment of error number two, defendant argues that the trial court erred in failing to strike the identification by defendant of two of the witnesses after testimony was adduced which revealed that the teller who was victimized made the statement, "That's the guy who robbed me," in the presence of two other witnesses on the morning of the trial. Defendant argues that the other witnesses had no independent basis for their identification of defendant, but based the identification of him on the statement of the teller.
Four employees of the South Louisiana Bank were present during the robbery. The robber approached the teller window where Joy Smith was at work and told her, "I'm here to rob you." After the robber *304 reinforced his actions by pulling out his revolver, Ms. Smith gave him all of the money in her teller drawer, including marked "bait money" which activated an alarm and surveillance camera when it was withdrawn from the drawer. When the camera was activated, it malfunctioned and began making a noise which attracted the attention of the other three bank employees. The robber then waived his gun generally toward the employees and told them all to "keep cool" as he proceeded with the robbery. At the trial, all of the witnesses were closely questioned about their opportunity to view the robber, particularly with regard to their proximity to him, the brightness of the bank's lighting, and the length of time of observation.
We do not find merit in defendant's contentions that the in-court identifications were tainted by suggestive out-of-court procedures. Defendant has the burden of proving the suggestiveness of photographs used in an out-of-court line-up. State v. Vaughn, 378 So.2d 905 (La.1979). Defendant herein contends that the identifications were based on two photographic line-ups and one physical line-up which could have been suggestive, which contention does not appear to be substantiated by the record. Furthermore, the present case is stronger than Vaughn in that in the present case defense counsel sought to elicit testimony concerning the results of the out-of-court line-ups, while the prosecution elicited such testimony in Vaughn. Moreover, even if it had been established that the pre-trial identifications of the accused were the product of impermissible suggestion, the in-court identification is admissible if it has an independent basis as it did in the present case. State v. Winn, 412 So.2d 1337 (La.1982).
The factors to be considered in determining the reliability and existence of an independent source of identification include the following considerations:
1) the opportunity of the witness to view the criminal at the moment of the crime;
2) the degree of attention of the witness;
3) the accuracy of the prior description of the criminal;
4) the level of certainty of the identification; and
5) the elapsed time between the crime and the confrontation.
Manson v. Braithwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); State v. Davis, 407 So.2d 702 (La.1981). We turn to a consideration of these factors.
The opportunity of the witness to view the criminal at the moment of the crime.
Three of the witnesses had the opportunity to observe defendant, including his facial characteristics, in a brightly lighted room, over a period of several minutes, from distances ranging from a little more than eighteen inches away (Joy Smith) to ten to twelve feet away (Joyce Brisco). The fourth witness (Mary Matherne) was unsure of her identification of the defendant as the robber (although she positively identified defendant as the man in the photograph taken by the bank's camera) because she only fleetingly saw his face. Joy Smith, the teller who was robbed, had looked defendant directly in the face at the time of the robbery.
The degree of attention of the witness.
The testimony of the witnesses demonstrates that the attention of each was directed to the robber and the event in progress.
The accuracy of the prior description of the criminal.
The record does not show any substantial inaccuracies in the descriptions provided by the witnesses.
The level of certainty of the identification.
Joy Smith, who had the best opportunity to observe the robber, positively identified defendant as the man who had committed the robbery. Although two other witnesses to the robbery, Charles Weaver and Joyce Brisco, were less certain, the general tenor of their testimony was that defendant was the man who had committed the *305 robbery. The fourth witness, Mary Matherne, positively identified the defendant seen in court as the individual in the photograph taken by the surveillance camera, based on her observation of his build and clothing.
The elapsed time between the crime and the confrontation.
The in-court identification of defendant was made approximately two years after the robbery; however, the testimony of each of the witnesses indicated that each substantially recalled the incident, including such incidental matters as the noise made by the malfunctioning camera, and the verbal exchanges with the robber. There is no indication that the witnesses' memories were dulled by the passage of time.
The totality of the circumstances does not indicate a substantial likelihood of misidentification, of such a nature as to violate due process. We do not find the in-court identification to be tainted and devoid of an independent source.
Similarly, we find no merit to defendant's second assignment of error, claiming the identifications made by Joyce Brisco and Mary Matherne should be stricken because they were based on the statement made by Joy Smith, "That's the guy who robbed me," and not on the independent recollection of the witnesses. The record amply demonstrates that the identification made by these witnesses was based upon independent observation and memory.
ASSIGNMENTS OF ERROR NUMBERS THREE, FOUR AND FIVE:
In these assignments of error, defendant alleges that the trial court erred in overruling defendant's objections to questions eliciting allegedly irrelevant information from State witnesses. The trial court has wide discretion in determining the relevancy of evidence, and its determination will not be overturned absent a clear abuse of that discretion. State v. West, 419 So.2d 868 (La.1982); State v. Albert, 430 So.2d 1279 (La.App. 1st Cir.1983), writ denied 433 So.2d 711 (La.1983). The questions objected to herein related to the credibility of the witness. We find no abuse of discretion.
ASSIGNMENT OF ERROR NUMBER SIX:
In this assignment of error, defendant alleges that the trial court erred in overruling his objection to State questions eliciting hearsay information from a prosecution witness. Specifically, the officer who developed the negatives removed from the bank's surveillance camera, depicting defendant as the robber, was asked if his handwriting appeared in a corner of the photograph, and he responded that the handwriting was not his. The State continued to elicit information concerning the meaning of the written figures; although defendant objected, the court permitted the officer to testify.
Hearsay is testimony in court of a statement made out of court, the statement being offered as an assertion to show the truth of the matters therein, and thus resting for its value upon the credibility of the out-of-court asserter. State v. Hayes, 414 So.2d 717 (La.1982). The witness's testimony regarding the markings on the photograph were hearsay, however, the markings have no relevance to defendant's ultimate guilt or innocence. Thus, substantial rights of the defendant were not affected. LSA-C.Cr.P. 921; see also State v. Hayes, supra. This assignment of error has no merit.
ASSIGNMENT OF ERROR NUMBER SEVEN:
In this assignment of error, defendant alleges that the trial court erred in refusing to grant a mistrial after a police officer in response to a question asked by defense counsel on cross-examination mentioned evidence relating to other crimes alleged to have been committed by defendant.
Evidence of extraneous offenses is inadmissible because of the prejudicial effect upon the accused's presumption of innocence. A prejudicial remark by a police *306 officer, although not a "court official" for purposes of a mandatory mistrial, should be viewed with considerable concern as to the fairness of the trial and may require a mistrial. The necessity of granting a mistrial is left to the sound discretion of the trial court. State v. Douglas, 389 So.2d 1263 (La.1980); State v. Montgomery, 432 So.2d 340 (La.App. 1st Cir.1983). Here, the questions propounded by defense counsel on cross-examination tended to encourage the answers to which defense counsel then objected. The trial court offered to give an admonition to the jury (see LSA-C.Cr.P. art. 771(2)), which offer defense counsel refused on the possibly valid ground that the admonition would emphasize the answer objected to in the eyes of the jury. However, in propounding the question, defense counsel left open the possibility that an answer would be elicited which would be damaging to defendant. We find no abuse of discretion in the refusal of the trial court to grant a mistrial. LSA-C.Cr.P. art. 771.
ASSIGNMENT OF ERROR NUMBER EIGHT:
In this assignment of error, defendant alleges that the trial court erred in admitting a photograph into evidence without a showing of a proper chain of custody. A showing of a continuous chain of custody is not essential to the introduction of physical evidence as long as the evidence as a whole establishes that it is more probable than not that the object introduced is the same as the object originally seized by the officer. State v. Albert, supra. Any deficiencies in the chain of custody are attributable to the weight of the evidence, not to its admissibility. State v. Tonubbee, 420 So.2d 126 (La.1983); cert. denied ___ U.S. ___, 103 S.Ct. 1768, 76 L.Ed.2d 342. We find no error in the admission of the photograph.
The conviction and sentence are affirmed.
AFFIRMED.