449 So.2d 60 (1984)
STATE of Louisiana
v.
Lloyd Lee WILLIAMS.
No. 83-KA-639.
Court of Appeal of Louisiana, Fifth Circuit.
March 13, 1984.
*61 John M. Mamoulides, Dist. Atty., 24th Judicial Dist., Jefferson Parish, Arthur J. Lentini, Asst. Dist. Atty., William C. Credo, III, Asst. Dist. Atty., Gretna, for appellee.
Martha E. Sassone, 24th Judicial Dist., Indigent Defender Bd., Gretna, for appellant.
Before BOUTALL, CHEHARDY and DUFRESNE, JJ.
CHEHARDY, Judge.
Lloyd Lee Williams was charged in a bill of information with the crime of armed robbery in violation of LSA-R.S. 14:64. After trial by jury he was found guilty as charged and sentenced to 35 years at hard labor with credit for time served prior to imposition of sentence.
Defendant has appealed urging one assignment of error.
The victim of the crime, Mrs. Geraldine Morales testified that on February 25, 1981 at about 7 p.m. she was robbed at gunpoint while leaving Schwegmann's Supermarket in Harvey. She was accompanied by her two-year-old son who was seated in the shopping basket.
Although it was dusk the area was well lit. Mrs. Morales was parked by the side of the building. As she approached her car someone grabbed her shirt from behind, and when she turned around her assailant shoved a small revolver in her face and demanded her purse. At first she was stunned and could not respond, but later she surrendered her purse and the robber ran off. The incident took about four minutes.
The victim immediately notified the sheriff's office and described the man. Later that evening she was called upon to identify a suspect, but he was released because he was too tall and light skinned to have been the perpetrator.
Two months later a lady telephoned Mrs. Morales to tell her a wallet and license with her name had been found in a vacant apartment by the woman's son.
At the apartment Mrs. Morales found her social security card and a payroll stub in the name of Lloyd Williams. When questioned about Williams, the son told *62 Mrs. Morales that Williams' mother lived around the corner and gave her a general description of Williams.
Mrs. Morales informed the police. They prepared a lineup using photographs of five persons (including Williams) of similar age, description and appearance. Mrs. Morales picked Williams in the photographic lineup as her assailant, and he was arrested thereafter.
She identified him positively at the trial stating, "I will never forget that face."
Williams testified in his own behalf. His mother, sister, brother and three friends testified for him. He stated the day after the robbery he was with his friends when they saw a purse in the street. They did not want him to touch it, but he found it contained a wallet with a license and he wanted to return it to the owner. He had tried to phone her, but was unable to reach her.
Three of the witnesses confirmed his story and all of the witnesses testified Williams was a person who did not have any friends and never went out at night. They described his behavior as strange and said he did not own a gun.
In his Assignment of Errors and Designation of Record appellant urges only one assignment of error: no probable cause for defendant's arrest.
This issue has not been discussed in appellant's brief, which is directed solely to the proposition that the conviction must be reversed because the state did not present sufficient evidence to prove the crime of armed robbery.
An issue not discussed in his brief must be considered abandoned. See Rule 2-12.4, Uniform Rules, Courts of Appeal; State v. Turner, 337 So.2d 1090 (La.1976); State v. Triplett, 434 So.2d 1270 (La.App. 1st Cir.1983).
The standard to be applied in determining the sufficiency of evidence is set forth in LSA-C.Cr.P. art. 821 and Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Sufficient evidence to support and maintain a conviction is present if, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found, beyond a reasonable doubt, the essential elements of the crime.
LSA-R.S. 14:64 defines the crime of armed robbery as the theft of anything of value from the person of another, or which is in the immediate control of another, by the use of force or intimidation, while armed with a dangerous weapon.
Theft is defined as taking anything of value which belongs to another without the consent of the other, with intent to deprive permanently. LSA-R.S. 14:67.
Defendant claims the state has not proved an essential element of the crime of armed robbery because the gun was never produced.
Production of the actual weapon is not necessary to prove the offense of armed robbery. State v. Davis, 336 So.2d 805 (La.1976). Furthermore LSA-C.Cr.P. art. 802(3) provides the jury alone shall determine the weight and credibility of witnesses.
Defendant then attempts to show that the identification is tainted because Mrs. Morales was unable to identify him until given his description by the youth who found the wallet.
The evidence in the instant case does not suggest the previous identification was based upon the general description given by the youth. Mrs. Morales saw her assailant for four minutes in a well-lit area. She identified him to the police shortly thereafter and rejected an earlier suspect who did not conform to her description.
All of the elements of armed robbery if viewed in the light most favorable to the prosecution were proven beyond a reasonable doubt and the victim's positive identification has an independent basis, other than a general description given by the other youth some months later.
*63 When the identification of the defendant is in question the court must look into the totality of circumstances to determine whether it is free from the alleged taint, State v. Davis, 407 So.2d 702 (La. 1981); if the prosecution is able to lay an adequate foundation independent of the suggestive events the identification is properly admitted, State v. Moore, 432 So.2d 209 (La.1983).
Given the totality of circumstances under which the identification was made these facts outweigh any suggested influences.
Defendant's Assignment of Error is without merit.
For the reasons assigned defendant's conviction and sentence are affirmed.
AFFIRMED.