SAVOIE, Judge.
Defendant, Kenneth Bridgewater, was charged by bill of information with the distribution of marijuana, a violation of L.S.A.-R.S. 40:966. A jury convicted defendant as charged, and he was subsequently sentenced to serve two years at hard labor. The sentence was suspended, and defendant was placed on probation for five years, with the special condition that he serve six months in the parish jail. He has appealed, alleging one assignment of error:
(1) The bag of marijuana should not have been admitted into evidence since the State did not prove the chain of custody. Defendant argues that the failure of the evidence clerk, who had custody of the bag of marijuana, to testify constitutes a break in the chain of custody.
We affirm.
Defendant was charged as the result of an extensive narcotics investigation which was conducted by law enforcement agencies for several months prior to his arrest. An officer of the Louisiana State Police, working undercover, set up a purchase of marijuana with the assistance of a confidential informant, whose identity was later revealed. Trooper Connie Wright purchased the marijuana from defendant on July 12, 1982, in a park in New Roads, Louisiana. Trooper Wright marked the bag of marijuana immediately after the sale by writing the date and time of the sale on a slip of paper and placing it inside the bag. The bag of marijuana was placed inside an evidence envelope provided by the Louisiana State Police, and sealed before delivery to the State Police Crime Laboratory.
The laboratory confirmed that the green vegetable matter was marijuana. At trial, Trooper Wright positively identified defendant as the man from whom she purchased the marijuana. She testified that she made only one “buy” on that date in the park. She also identified defendant’s car as the vehicle from which the purchased marijuana was delivered. The jury convicted defendant of the distribution of marijuana.
ASSIGNMENT OF ERROR
In his only assignment of error, defendant argues that the trial court erred in permitting the introduction of state evidence. He argues that this evidence, consisting of the bag of marijuana, the evidence envelope, and the crime laboratory envelope, was admitted without a sufficient showing of the “chain of custody” because the evidence clerk at the crime laboratory did not appear at the trial and identify the package.
A showing of a continuous chain of custody is not essential to the introduction of physical evidence as long as the evidence as a whole establishes that it is more probable than not that the object is *1077 the same object originally seized by the officer. Deficiencies in the chain of custody are attributable to the weight of the evidence, not to its admissibility. State v. Kennedy, 444 So.2d 301 (La.App. 1st Cir.1983). We find no error in the admission of this evidence.
Terry Harrison, an officer with the State Police Crime Laboratory, identified the package on the stand by the State Police file number SP 3728-82. He also identified the inner envelope by the register number, Region II, u/c 101-82,[1] which appears on the outer envelope, and by Trooper Wright’s initials and name across the evidence tape sealing the envelope. Trooper Wright identified the bag and the envelope by her own handwriting, and testified that she personally submitted it to the crime lab. We find that the evidence as a whole established that it was more probable than not that the items admitted into evidence were the same items originally secured by Trooper Wright.
For the above and foregoing reasons, the conviction is affirmed.
AFFIRMED.

. The transcript reflects the number U/C 108-82. Both envelopes show the number as U/C 101-82.