BOWES, Judge.
Defendant-appellant, Michael Cochran, along with two co-defendants, Napoleon and Pam Bueno, was charged by a Bill of Information with violating La.R.S. 40:967(F)(3), possession of more than 400 grams of cocaine. Trial of the matter was set for May 3, 1983. Prior to that date, defendant, Napoleon Bueno, entered a plea of guilty as charged. The morning of the trial, before jury selection began, the State, in accordance with La.C.Cr.P. art. 704, elected to try appellant, Michael Cochran, separately from defendant, Pam Bueno. Upon the court granting the prosecution’s motion for severance, the defense objected and the following colloquy ensued:
MR. SWANSON: [Defense Attorney]
I would move for a continuance at this time, Your Honor, because this is going to affect my defense in this matter.
THE COURT:
How will it affect your defense?
MR. SWANSON:
Well, I have to think about this whole matter. I really think that this is a last minute change of strategy by the District Attorney. I don’t know why this wasn’t done long ago if they wanted to try them separately.
THE COURT:
Absent any positive effect recited by this court on your defense the court is going to deny the motion to continue.
MR. SWANSON:
I note my objection for the record.
Immediately following the above exchange, a jury was picked and the defendant was tried and found guilty as charged. On May 13, 1983, appellant was sentenced to fifteen years at hard labor, without benefits, the statutory minimum sentence.
It is from that conviction the defendant now appeals, assigning the following as errors:
1.The court erred in denying defendant’s motion for a continuance following severance of defendant from his co-de- ’ fendant for trial on the morning of trial.
2. The court erred in sentencing defendant to an excessive sentence.
3. Also assigned as error are any and all errors patent upon the face of the record.
We note that defendant does not assign as error the court’s granting of the State’s last minute motion to sever over defendant’s objection.
Defendant’s first assignment of error, the denial of his oral motion to continue, is without any merit. La.C.Cr.P. article 712 states: “A motion for continuance, if timely filed, may be granted, in the discretion of the court, in any case if there is good ground therefor.” (emphasis ours). The Louisiana Supreme Court, in State v. Benoit, 440 So.2d 129, 133 (La.1983), stated:
A denial of a motion for a continuance is not grounds for reversal absent an abuse of discretion and a showing of specific prejudice. State v. Haarala, 398 So.2d 1093 (La.1981); State v. Johnson, 343 So.2d 155 (La.1977).
The defense, when questioned by the trial judge as to the grounds for his objection to the court’s denial of the continuance requested, did not articulate any reason which would show prejudice to his case.
In his brief, appellant states that trial counsel’s “planned strategy, evidently, was to use the presence of the two co-defendants at trial to appellant’s advantage, pointing out Napoleon Bueno as the greater offender. From his opening argument, it is clear that appellant intended to put forth the theory that he was forced, under threat of death or great bodily harm, to take part in the drug transaction.”
We have examined the record with this hypothetical defense in mind and we find no evidence that Cochran was prejudiced in any way by the trial judge’s ruling — Napoleon Bueno, one of the former co-defendants, testified at trial, and Pam Bueno, the other former co-defendant, was not called by the defense.
Assignment of error number two was not briefed by appellant. “An issue *32 not discussed in his brief must be considered abandoned. See Rule 2-12.4, Uniform Rules, Courts of Appeal .... ” State v. Williams, 449 So.2d 60 (La.App. 5th Cir.1984).
Our careful review of this matter reveals no errors patent upon the face of the record.
Accordingly, the conviction and sentence imposed by the district court upon Michael Cochran are affirmed.
AFFIRMED.