GAUDIN, Judge.
Napoleon Bueno pled guilty to possession of cocaine in excess of 400 grams and was sentenced to 12 years at hard labor without benefit of parole, probation or suspension. The sentence was “... to run concurrent with federal charge.”
On appeal, he assigns only one error, that his sentence was illegal and should not have been imposed without benefit of parole. We affirm.
Appellant was charged, along with his wife Pamela and another man, Michael Cochran, of possessing 908 grams of cocaine. Charges against Pamela were dismissed. Bueno entered his plea of guilty, and before he was sentenced, he testified for the State in Cochran’s trial. See State v. Cochran, 463 So.2d 30 (La.App. 5th Cir.1985), wherein this Court affirmed Cochran’s conviction. Cochran received a 15-year sentence.
Bueno pled under LSA-R.S. 40:967, particularly sections F(3) and G(l) and (2). These sections state:
“(3) Except as otherwise authorized in this Part, any person who knowingly or intentionally possesses four hundred grams or more of cocaine or related substances as provided in Schedule 11(A)(4) of R.S. 40:964, shall be sentenced to serve a term of imprisonment at hard labor of not less than fifteen years, nor more than thirty years, and to pay a fine of not less than two hundred fifty thousand dollars.
“G. (1) Except as provided in Paragraph (2) hereof, with respect to any person to whom the provisions of Subsections E and/or F are applicable, the adju *374 dication of guilt or imposition of sentence shall not be suspended, deferred, or withheld, nor shall such person be eligible for probation or parole prior to serving the minimum sentences provided by Subsections E and/or F.
“(2) The district attorney may move the sentencing court to reduce or suspend the sentence of any person to whom the provisions of Subsections E and/or F are applicable who provides substantial assistance in the identification, arrest or conviction of other parties or conspirators to the crime for which he was convicted or to related crimes. The arresting agency shall be given an opportunity to be heard in reference to any such motion. The court may reduce or suspend the sentence if it finds that the defendant rendered such substantial assistance.”
The trial judge found that Bueno rendered “substantial assistance” to the prosecution in Cochran’s case, and he (the trial judge) decided to sentence Bueno to 12 years rather than 15. Appellant contends that because Bueno was sentenced to 12 years under G(2), the parole ineligibility portion of F(3) did not apply. Also, Bueno argues that if the trial judge has discretion to deny parole under G(2), this section violates the separation of powers clause of the Louisiana Constitution of 1974, Art. 2, Sec, 2. We cannot agree with either of these contentions.
According to G(2), a trial judge has considerable sentencing leeway. While the statutory minimum of F(3) and G(l) is 15 years without parole, probation or suspension, the trial judge, if a defendant has provided “substantial assistance,” can reduce a sentence without any restrictions or suspend a sentence completely. These penal provisions, however, must be read in context and not in isolation. The sections relate to one another, and Bueno’s argument that G(2) stands independent from the other penalty sections of R.S. 40:967 is without merit.
Thus, if a trial judge found “substantial assistance” and wanted to reduce a sentence, he could lessen the number of years to be served without necessarily adjusting or eliminating the parole ineligibility portion of the sentence. This is what the trial judge did here.
In State v. LeCompte, 406 So.2d 1300 (La.1981), the Supreme Court of Louisiana, in finding G(2) constitutional, stated:
“... if a statutory provision is susceptible of both a constitutional and an unconstitutional interpretation, it must be interpreted so that its constitutionality will be sustained. The legislature is presumed not to intend to enact an unconstitutional statute. 16 C.J.S. Constitutional Law, Sec. 98.”
Considered jointly, sections F(3), G(l) and G(2) are not ambiguous and are susceptible of a constitutional interpretation without infringing on the powers of the governor and/or legislature or upon the authority of the parole board. In Le-Compte, the Supreme Court said that the trial judge could reduce or suspend a sentence as set forth in G(2) so long as the trial judge acted before the execution of sentence started. Once a defendant started serving a sentence, however, a trial judge’s reduction or suspension would infringe on powers given exclusively to other branches of the government.
For these reasons, we hold that a trial judge, in sentencing under R.S. 40:967 F(3), G(l) and G(2), can reduce from 15 the number of years to be served and at the same time require the lessened sentence to be served without benefit of parole, probation or suspension.
Accordingly, Bueno’s sentence was valid.
AFFIRMED.