496 So.2d 638 (1986)
STATE of Louisiana
v.
Jerome JONES.
No. 86-KA-0050.
Court of Appeal of Louisiana, First Circuit.
October 15, 1986.
*639 C. Jerome D'Aquila, Indegent Defender's Office, New Roads, for defendant-appellant.
Houston C. Gascon, III, Office of the Dist. Atty., Plaquemine, for plaintiff-appellee.
Before EDWARDS, WATKINS and PONDER[*], JJ.
EDWARDS, Judge.
Jerome Jones was convicted of aggravated rape, in violation of LSA-R.S. 14:42, and sentenced to the mandatory life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. He appeals, assigning four errors.
In the early morning hours of December 18, 1983, two men forced their way into a residence located in Sunshine, Louisiana. The occupants, a mother and her fourteen-year-old daughter and seven-year-old son, attempted to hide from the intruders by locking themselves in the bathroom. Once inside the residence, however, the intruders broke through the bathroom door and attacked both the mother and her daughter. Both men raped the mother.[1] Afterward they ransacked the house and finally fled with a color television set and some clothing.
When Sheriff's deputies arrived, the mother and her daughter informed them that defendant's brother, Terryl Jones, was one of the intruders. Deputies arrested both defendant and his brother later the same morning. Approximately two days later, both the mother and daughter identified the defendant, Jerome Jones, as the other intruder.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant argues that the trial court erred in allowing into evidence photographs taken at the scene of the crime. Specifically, he complains that the time lapse between the rape, at approximately 3:00 A.M., and the taking of the photographs, at approximately 12:00 noon, was too great. It is well settled, however, that the time lapse is not determinative of admissibility. For example, in State v. Warren, 271 So.2d 527, 528 (La.1973), photographs taken fourteen hours after the crime were admissible. Furthermore photographs taken one year after the crime *640 were admissible in State v. Dickinson, 370 So.2d 557, 563-64 (La.1979).
A proper foundation for admission of a photograph is laid when a witness having personal knowledge of the subject depicted by the photograph identifies it as such. State v. Robertson, 454 So.2d 205, 210 (La.App. 1st Cir.), cert. denied, 458 So.2d 487 (La.1984). This foundation was provided by Deputy Morris Wilson, who testified that he arrived on the scene shortly after the rape, that he was present when the photographs were taken by another detective, and that the photographs were accurately descriptive of the scene at approximately 3:00 A.M. In light of Deputy Wilson's testimony, the delay of approximately nine hours between the Sheriff's deputies' initial arrival at the rape scene and their return to take photographs is of no moment. This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER TWO
Defendant complains of the trial court's refusal to allow his mother to testify after she violated the sequestration rule. Although his mother was not in the courtroom in the morning, she entered the courtroom after the lunch break, and had listened to the entire testimony of one of the victims before her presence was discovered.
The purpose of sequestration is to assure that a witness will testify to his own knowledge of events, to prevent the testimony of one from influencing others, and to strengthen the role of cross-examination in developing facts. State v. Nolan, 457 So.2d 1246, 1248 (La.App. 1st Cir.), cert. denied, 462 So.2d 190 (La.1984). The trial court has discretion to disqualify a witness when a rule of sequestration has been violated, and the trial court's ruling will not be disturbed on appeal absent a clear showing of abuse of discretion. La.C.Cr.P. art. 764; State v. Warren, 437 So.2d 836, 839 (La. 1983). Yet when the exclusion is of a defense witness, the defendant's right to compel the attendance of witnesses and to present his defense, as guaranteed by Article I, section 16, of the Louisiana Constitution, may be impaired. Thus there are constitutional limits on the trial court's discretion. State v. Warren, 437 So.2d at 839. Unless the sequestration violation was "with the consent[,] connivance, procurement or knowledge of the defendant or his counsel," the constitution forbids the exclusion of that witness's testimony. Id. at 840. (citations omitted). There is nothing in the record to show that this was the case, and consequently the trial court erred in excluding defendant's mother's testimony. Nevertheless unless the exclusion of the testimony would prejudice substantial rights of the defendant, or substantially violate a constitutional or statutory right, the error is not cause for reversal. LSA-C.Cr.P. art. 921; State v. Warren, 437 So.2d at 840.
Although the defense made no proffer, in brief the defendant states that his mother was an alibi witness, who would have testified that he was at home at the time of the rape. Though clearly relevant, this testimony would have been merely cumulative, since defendant, his brother, and his sister all testified that defendant was at home at the time of the rape. Furthermore, her testimony would have been that of a family member rather than an independent witness. See State v. Warren, 437 So.2d at 840. For the foregoing reasons the trial court did not commit reversible error in refusing to allow this witness to testify. This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER THREE
Finally defendant contends that the verdict was contrary to the law and the evidence. We take this to be a challenge to the sufficiency of the evidence, and note that defendant should have proceeded by way of a motion for post verdict judgment of acquittal. See LSA-C.Cr.P. art. 821. Nevertheless, we will consider this claim as a formal assignment of error.
*641 The appropriate standard of review requires this court to view the evidence in the light most favorable to the prosecution, and then determine whether a rational trier of fact could have concluded that the State proved the essential elements of the crime beyond a reasonable doubt. LSA-C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099, 1100 n. 1 (La.App. 1st Cir.1983).
Defendant argues the evidence is insufficient. This is based on the fact that the victims identified him as one of the intruders only after a two-day delay, and after viewing a photograph of him supplied by Sheriff's deputies. However, the victims identified the defendant's brother as the other intruder at the scene of the rape. The daughter testified at trial that even before she saw any pictures of the suspects, she told the deputies that defendant attacked them. The mother waited to identify him until after being shown pictures of the defendant two days later because she "wanted to be sure." This evidence was sufficient to identify the defendant.
In any event, the defense was alibi. Defendant, his brother, and his sister all testified that he was at home when the rape occurred. The guilty verdict indicates, however, that the jury accepted the testimony of the victims and rejected the alibi testimony of defendant's witnesses. The trier of fact may accept or reject, in whole or in part, the testimony of any witness. State v. Fournier, 465 So.2d 963, 967 (La.App. 1st Cir.), cert. denied, 463 So.2d 1324 (La.1985). When there is conflicting testimony on factual matters, the jury alone determines the credibility of the witnesses, LSA-C.Cr.P. art. 802(3); State v. Klar, 400 So.2d 610, 613 (La.1981), and the jury's evaluation of credibility is not reviewable on appeal. State v. Snoddy, 332 So.2d 800, 802 (La.1976).
Viewing the evidence in the light most favorable to the prosecution, we are convinced that a rational trier of fact could have found that the State proved the essential elements of the crime of aggravated rape beyond a reasonable doubt. This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER FOUR
This assignment of error, claiming excessive sentence, was not briefed on appeal, and is therefore considered abandoned. Uniform Rules, Courts of Appeal, Rule 2 12.4.
For the foregoing reasons defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[*] Judge Elven E. Ponder, retired, has been assigned temporarily to this court by the Supreme Court of Louisiana to fill the vacancy created by the election of Justice Luther F. Cole to the Supreme Court.
[1] There is evidence in the record that the daughter was also sexually assaulted, but defendant is here charged only with the rape of the mother. Before defendant's trial, his brother, Terryl, pled guilty to rape in connection with this same incident.