403 So.2d 1210 (1981)
STATE of Louisiana
v.
Robert HOGAN.
No. 81-KA-0030.
Supreme Court of Louisiana.
September 8, 1981.
*1211 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., George T. Mustakas, II, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
Robert T. Garrity, Jr., and Joseph Montgomery, Indigent Defender Board, Metairie, for defendant-appellant.
PONDER, Justice Ad Hoc.[*]
Defendant appealed from a conviction and sentence for armed robbery. LSA-R.S. 14:64.
The issues are: suppression of evidence, sufficiency of evidence and sentencing.
We affirm.
Two men robbed a convenience store, one holding a shiny "silver" revolver to the head of the store employee. He grabbed a pair of sunglasses as he left the store. The police were summoned and given a description: a tall Negro male, with light complexion and light colored eyes, wearing blue jeans and a light colored pullover. Both this description and the information of the shiny "silver" gun and the sunglasses were broadcast. Shortly thereafter, another officer, finding some similarities with a prior robbery re-issued the description of a vehicle and license number of a vehicle allegedly involved in the prior robbery. A third officer, after verifying the license number, stopped defendant's vehicle. A pair of sunglasses and the handle of a chrome-plated revolver were in plain view in the car. Other officers identified Robert Hogan as the owner of the sought-after car. The victim, brought to the scene, identified Hogan as the robber.
The trial court denied defendant's motion to suppress the seized evidence. Defendant's objection to the admission of several photographs taken at the scene of arrest *1212 was also denied. The trial court found defendant guilty and sentenced him to seven and one-half years imprisonment at hard labor without parole, probation or suspension of sentence.

ASSIGNMENT OF ERROR NO. 1
Defendant argues that because the police lacked the requisite reasonable suspicion to stop his auto, the seized revolver and sunglasses must be suppressed as the fruit of the violation of defendant's Fourth Amendment rights. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
Defendant's claim is without merit. The Fourth and Fourteenth Amendments to the United States Constitution as well as Article 1, Section 5 of the Louisiana Constitution protect against unreasonable searches and seizures. LSA-C.Cr.P. Art. 215.1[1] provides for an investigatory stop on reasonable suspicion of criminal activity. Although reason for the investigatory stop may be less than probable cause, the detaining officer must have knowledge of facts which imply criminal behavior to justify interference with an individual's freedom. State v. Bolden, 380 So.2d 40 (La.1979). In assessing the reasonableness of an officer's conduct, it is necessary to weigh the need to search and seize against the harm of invasion. State v. Bolden, supra.
Here, the stopping officer had a detailed description of the perpetrator of an armed robbery that had just occurred, plus the description of a vehicle already identified as being involved in previous similar armed robberies. The stop was made only after verification of the license number of the vehicle. We find the investigatory stop was reasonable.

ASSIGNMENT OF ERROR NO. 2
Defendant contends the court erred in admitting into evidence photographs of defendant's automobile taken at the scene of the arrest. The photographs of the interior of the car reveal two revolvers, sunglasses and a paper bag of money. The trial court noted, as do we, some discrepancies between the police officers' testimony and the position of some of the items. The crime technician who took the photographs testified the photographs depicted the scene as he found it. The discrepancies were minor and we find them to be inconsequential. We find no error in the admission of the photographs. State v. Fox, 251 La. 464, 205 So.2d 42 (1967). The ability to see the revolvers, sunglasses and paper bag with money was well supported by other evidence.

ASSIGNMENT OF ERROR NO. 3
Relying on Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and State v. Landry, 381 So.2d 462 (La.1980), defendant claims the due process clause of the United States Constitution mandates reversal of a conviction when the proof of guilt is such that no rational trier of fact could find guilt beyond a reasonable doubt. Defendant's interpretation of the cited cases is correct, but we feel the trial court had sufficient proof of every essential element of the offense.
The victim gave a description of defendant and identified him at the scene of the arrest and in court. She testified the robber had accosted her with a short-barreled "silver" revolver and forced her to put the money into a No. 8 paper bag. Upon leaving the store, the robber took a brown *1213 pair of sunglasses. A short-barreled chrome-plated revolver, a pair of sunglasses, and a No. 8 brown paper bag containing money was found in defendant's car shortly after the robbery. We agree with the trial court that the totality of the evidence supports defendant's conviction beyond a reasonable doubt.

ASSIGNMENT OF ERROR NO. 4
Defendant complains the court imposed a cruel, unusual and excessive sentence upon him in violation of the United States and Louisiana Constitutions and further failed to give adequate consideration to the sentencing guidelines.[2]
Defendant's claim is without merit. Although the trial court did not vocalize its consideration of the factors listed in LSA-C.Cr.P. Art. 894, we do not find this necessitates reversal. This court may vacate a sentence and remand for resentencing, when the reason for an apparently severe sentence in relation to the particular offender and the actual offense committed do not appear in the record. State v. Cox, 369 So.2d 118 (La.1979). A sentence is unconstitutionally excessive if it is grossly out of proportion to the offense. State v. Bonanno, 384 So.2d 355 (La.1980). Here, defendant was convicted of armed robbery (LSA-R.S. 14:64) which carries a minimum sentence of five years without parole, probation, or suspension of sentence and a maximum of ninety-nine years. We do not find the sentence excessive.
Although the trial court did not articulate the sentencing criteria of Article 894.1, nevertheless, this court need not remand for re-sentencing if it finds that the sentence was not apparently severe or out of proportion to the crime of armed robbery. See State v. Russell, 397 So.2d 1319 (La.1981).
For the above reasons, the judgment of the trial court is affirmed.
LEMMON, J., concurs.
NOTES
[*] Judges Ellis, Lottinger and Ponder of the Court of Appeal, First Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Associate Justices Calogero, Dennis, Watson and Lemmon.
[1] LSA-C.Cr.P. 215.1:

"A. A law enforcement officer may stop any person in a public place whom he reasonably suspects is committing, has committed or is about to commit a felony or a misdemeanor and may demand of him his name, address and an explanation of his actions.
B. When a law enforcement officer has stopped a person for questioning pursuant to this Article, and reasonably suspects that he is in danger of life or limb, he may search the outer clothing of such person for a dangerous weapon or for any other thing the possession of which may constitute a crime.
C. If the law enforcement officer finds a dangerous weapon or any other thing the possession of which may constitute a crime, he may take and keep it until the completion of the questioning, at which time he shall either return it, if lawfully possessed, or arrest such person. Added by Acts 1968, No. 305, § 1."
[2] LSA-C.Cr.P. Art. 894.1:

"A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The defendant's criminal conduct neither caused nor threatened serious harm;
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;
(5) The victim of the defendant's criminal conduct induced or facilitated its commission;
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant's criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the defendant indicated that he is unlikely to commit another crime;
(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence. Added by Acts 1977, No. 635, § 1."