432 So.2d 340 (1983)
STATE of Louisiana
v.
Gerry Wayne MONTGOMERY.
No. 82 KA 0955.
Court of Appeal of Louisiana, First Circuit.
May 17, 1983.
*341 Joseph W. Cole, Jr., Asst. Dist. Atty., Ventress, La., for plaintiff-appellee.
C. Jerome D'Aquila, New Roads, for defendant-appellant.
Before LOTTINGER, COLE and CARTER, JJ.
COLE, Judge.
This is an appeal from a conviction for simple robbery under La.R.S. 14:65. The issues are whether or not the fruits of a search should have been suppressed due to a lack of probable cause to stop the defendant's automobile; whether or not a mistrial should have been granted due to a reference to other crimes evidence; and whether or not reversible error resulted from the *342 assistant district attorney's expression of his personal opinion as to the defendant's guilt and from a deputy sheriff's temporary presence in the jury room. Since we find no reversible error, we affirm the conviction and sentence.
Defendant, Gerry Wayne Montgomery, was charged with armed robbery of a convenience store in New Roads, Louisiana on June 21, 1981. Defendant pled not guilty and elected a jury trial. Following a preliminary hearing in which defendant's motion to suppress evidence was overruled, defendant was tried, found guilty of simple robbery, and sentenced to serve seven years with the Department of Corrections. Defendant has appealed, urging four assignments of error.
The charge for which defendant was convicted arises from the June 21, 1981 robbery of the Circle R convenience store in New Roads, Louisiana. According to Angeline Swift, the store clerk who was victimized, two men were involved in the robbery. The first man, who was wearing cut-off shorts and ladies' slippers, bought an item and then turned as though to walk out of the store; the other man then flashed a badge and said, "Narcotics Squad," and pulled a gun from his shirt. At that point, the man who had made the purchase walked outside, while the man with the gun forced the clerk to open the register and empty the money into a paper bag. The gunman, who was wearing sunshades and a cap and who was described by the clerk as being taller and darker than the other man, then left the store as another customer entered. The clerk said she last saw the man walking towards the hospital, which was a short distance away from the store. She then called the police, reported the robbery, and described the suspects.
Officer Kirby Jarreau of the New Roads Police Department testified he and the Chief of Police were on a routine patrol a short distance from the store when they got the call. After consulting with Mrs. Swift, they immediately went across the street to the hospital parking lot, where they spoke to two men working on the roof of a building in the parking lot. These men reported seeing a "greenish and dark colored" car with three black males leave the hospital lot minutes earlier. A description of the car and the direction in which it was headed was radioed to other law enforcement agencies. Shortly thereafter, a car matching the description was spotted by a Pointe Coupee sheriff's deputy and a roadblock was set up. The deputy followed the car until it stopped at the roadblock. Since two of the occupants of the car matched the descriptions of the suspects furnished by the store clerk, the three men were brought to the sheriff department's substation in Innis. During questioning, the driver of the car gave the police permission to search the vehicle. The search revealed, among other things, a pistol, a paper bag containing money, and a toy badge all of which were entered into evidence against defendant after his motion to suppress was denied.
Defendant's first assignment of error deals with the admission of the above-listed items into evidence. Defendant contends this evidence should have been suppressed because it resulted from an illegal search. The search was illegal, defendant contends, because the police officers did not have probable cause to stop the vehicle.
This contention is totally without merit. Although the Fourth and Fourteenth Amendments to the United States Constitution as well as Article I, Section 5 of the Louisiana Constitution forbids unreasonable searches and seizures, La.Code Crim.P. art. 215.1 allows law enforcement officers to make investigatory stops when the officer "reasonably suspects" the person has committed a crime. Although the requisite "reasonable cause" for an investigatory stop has been held to be something less than the standard of "probable cause," the detaining officer must still have knowledge of facts which imply criminal behavior to justify interference with an individual's freedom. State v. Hogan, 403 So.2d 1210 (La.1981). In the instant case, the investigatory stop of the car was reasonable since it matched the description of the car which had been seen just minutes earlier leaving *343 the hospital lot heading in the direction where the stop was made. See State v. Hogan, supra.
Once the investigatory stop was made, the police officers acquired probable cause to make a warrantless arrest,[1] since the occupants of the car matched the description of the offenders, including their manner of dress, which was quite apparent since one of the men was wearing cut-off shorts and ladies' slippers. The requisite probable cause was also evidenced by the close physical and temporal proximity of the car to the robbery, the defendants' attempt to elude the police vehicle, as well as the conformance of the defendants' appearance with the general description of the perpetrators. See State v. Toussaint, 429 So.2d 206 (La.App. 1st Cir.1983).
After the stop was made and the three suspects had been transported to the substation in Innis, the driver of the car, John Paul Dixon, signed a waiver of consent to search the car. The objects which were the subject of the motion to suppress were discovered as a result of this search. A search that is conducted pursuant to a consent is one of the specifically established exceptions to the requirements of both a warrant and probable cause. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). The validity of such consent is dependent upon it having been given voluntarily, free of duress or coercion either express or implied. Defendant has not alleged that Dixon's consent was forced or coerced. Further, the record reflects that Dixon's statement was voluntary. Thus, even if the stop was without "reasonable cause" or the arrest was without probable cause, the subsequent voluntary consent rendered the search and seizure constitutionally valid. State v. Linkletter, 345 So.2d 452 (La.1977), cert. denied, 434 U.S. 1016, 98 S.Ct. 733, 54 L.Ed.2d 760 (1978). See State v. Rogers, 324 So.2d 403 (La. 1975); State v. McMellon, 295 So.2d 782 (La.1974), (both cases upholding a consent search involving a vehicle which had already been impounded by police, with the consent being given by a suspect in custody as in the present case). We thus conclude the trial court correctly overruled defendant's motion to suppress this evidence.
Defendant next contends the trial court erred in refusing to declare a mistrial when a deputy sheriff who was testifying for the state referred to other crimes alleged to have been committed by the defendant. Specifically, one of the deputies who searched the car, when asked by the state what was found in the search, testified that a "pistol, a bag of money with a badge inside it, and a bag of marijuana" was discovered and seized. Defendant contends the reference to the marijuana was other crimes evidence which was admitted without prior notice to the defense as required by State v. Prieur, 277 So.2d 126 (La.1973), and was prejudicial to the defendant. The trial judge overruled defendant's motion but admonished the jury to disregard the deputy's statement.
La.Code Crim.P. art. 770(2) prohibits reference by a judge, a district attorney, or a court official to other crimes by the defendant as to which evidence is not admissible under penalty of mandatory mistrial. However, such a remark by a witness does not require a mistrial if the court is satisfied *344 that an admonition to the jury is sufficient to assure the defendant of a fair trial. La.Code Crim.P. art. 771; State v. Douglas, 389 So.2d 1263 (La.1980).
Generally, evidence of extraneous offenses is inadmissible because of the prejudicial effect upon the accused's constitutional presumption of innocence. State v. Morris, 362 So.2d 1379 (La.1978); State v. Prieur, supra. Such a prejudicial remark by an experienced police officer, though not a "court official" so as to require a mandatory mistrial under article 770, should be viewed with considerable concern as to the fairness of the trial and may require a mistrial. State v. Douglas, supra. Nevertheless, the decision as to the necessity of granting a mistrial is left to the sound discretion of the trial court. State v. Douglas, supra; State v. Robinson, 342 So.2d 183 (La.1977). We find no abuse of this discretion, since in light of the record as a whole we cannot say that knowledge of the possession of a bag of marijuana would so enflame the jury that it would unjustifiably convict the accused of armed robbery. See State v. Vernon, 385 So.2d 200 (La.1980); State v. Robinson, supra.
Defendant next contends the trial court erred in refusing to grant a mistrial due to an improper closing comment by the prosecutor. In his closing argument, the assistant district attorney made the following remarks:
"I think that there's no questionthe State feels that there's no question that these people participated in the armed robbery of the Circle R Store at about nine-fifteen to nine-thirty in the morning, Sunday morning, June 21, 1981...."
* * * * * *
"The evidence in this case is as strong as the evidence in any case where the subject is not apprehended at the scene. There can be little doubt in the opinion of the State or in anyone's mind that these are the people who participated in this armed robbery."
The scope of the closing argument is limited to the evidence admitted, the lack of evidence, conclusions of fact drawn therefrom, and the law applicable to the case. La.Code Crim.P. art. 774. The prohibition against personal remarks by the district attorney is based on the belief that the jury may give greater weight to these observations than the actual evidence. Nevertheless, the expression of such an opinion by the prosecutor is often held to be non-reversible error, if it is apparent to the jury that it is expressly or impliedly based only on the evidence presented to the jury rather than on personal knowledge of facts outside the record. State v. Kaufman, 304 So.2d 300 (La.1974), cert. denied, 429 U.S. 981, 97 S.Ct. 495, 50 L.Ed.2d 591 (1976). Indeed, before a verdict will be overturned on the basis of improper argument, the court must be thoroughly convinced the comment influenced the jury and contributed to the verdict. State v. Napoli, 428 So.2d 957 (La.App. 1st Cir.1983).
The statement in this case was at least based impliedly upon the evidence, and did not relate to matters which the jury could believe was within the personal knowledge of the district attorney but not of record. We fail to see how this comment could have so prejudiced the jury against the defendant that it contributed to the verdict. In fact, within context the comment was proper.
Defendant's final assignment of error relates to the fact that a deputy sheriff walked into the jury room before the verdict had been determined. The deputy entered the room to unlock an additional door to the jury room so that the jury could be served coffee and water, which they requested after deliberating for over one hour. The deputy requested the jurors to cease their deliberations while he was in the room, and said nothing else to any of the jurors. By his own testimony, he was merely performing the custodial duty of unlocking the door. Defendant argues that the mere entry of the deputy into the room created an appearance of impropriety.
The purpose of sequestering jurors is to protect them from outside influences and from basing their verdict upon *345 anything other than evidence developed at trial. La.Code Crim.P. art. 791; State v. Marchand, 362 So.2d 1090 (La.1978). In the instant case, there is no evidence of any attempt on the part of the deputy or anyone else to influence the jury. Since there is no indication that any substantial right of the defendant was affected by the deputy's temporary presence in the jury room, we find this assignment of error to be without merit. La.Code Crim.P. art. 921.
For the above reasons, the conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] La.Code Crim.P. art. 213 provides in part that a peace officer may without a warrant arrest a person when the officer has "reasonable cause" to believe the person to be arrested has committed an offense, although not in the presence of the officer. Unlike the "reasonable cause" required under La.Code Crim.P. art. 215.1, which is something less than "probable cause," the "reasonable cause" required to make a warrantless arrest has been held to be the same as "probable cause," which exists when the facts and circumstances known to the arresting officer and of which he has reasonably trustworthy information are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. State v. Arceneaux, 425 So.2d 740 (La.1983); State v. Weinberg, 364 So.2d 964 (La.1978). This higher standard is required due to the greater infringement on personal liberty imposed by an arrest, as compared to an investigatory stop under La.Code Crim.P. art. 215.1 by which the officer may only demand the person's "name, address and an explanation of his actions."