461 So.2d 1238 (1984)
STATE of Louisiana
v.
Wayne A. CORKERN.
No. 83 KA 1433.
Court of Appeal of Louisiana, First Circuit.
December 28, 1984.
*1240 Sam J. Dileo, Asst. Dist. Atty., Amite, for plaintiffState of La.
Thomas J. Hogan, Jr., Hammond, for defendantWayne A. Corkern.
Before WATKINS, CRAIN and ALFORD, JJ.
CRAIN, Judge.
Wayne Anthony Corkern, defendant, was charged by bill of information with one count of armed robbery, a violation of La. R.S. 14:64. The jury returned a responsive verdict of guilty of simple robbery, and defendant was subsequently sentenced to serve five years at hard labor, to be served consecutively to any sentence defendant might currently be serving. He has appealed, alleging four assignments of error:
1. The trial court erred in failing to order a mistrial based upon a prejudicial remark made by a court official.
2. The trial court erred in failing to grant a directed verdict at the close of the state's case.
3. The trial court erred in denying defendant's motion to view the scene of the crime.
4. The trial court imposed an excessive sentence.
We affirm.
Defendant was convicted of an armed robbery which occurred on December 9, 1982, at a rest area on Interstate 55 near Hammond, Louisiana. The victim, Joseph Nobles, testified at the trial, and related that he was cut twice and robbed after assisting defendant and three companions who were having trouble with their van. Nobles testified that he noticed two men standing near the van when he pulled into the rest area. The victim was asked by defendant if he would jump the van off. He complied, and started the van. When he began to leave he was stopped by one of defendant's companions who pulled a knife on him. Defendant then reached into the victim's car to unlock the back door and proceeded to remove the victim's wallet from his pocket. The victim was cut twice during the course of the incident. Defendant and the three companions then drove off together in the defendant's van. Approximately one week later, defendant turned himself in to the Livingston Parish sheriff's office. He gave a statement in which he admitted that he was at the rest area with the other men, but implicated Brent Harrell, one of his companions, as the man who pulled the knife and robbed the victim. Defendant denied any active participation in the crime. The jury returned the responsive verdict of guilty of simple robbery.

ASSIGNMENT OF ERROR NO. ONE:
In this assignment of error, defendant argues that the trial court erred in failing to grant a mistrial based on the minute clerk reading the wrong bill of information at the opening of the trial.
When asked to read the bill of information to the jury, the minute clerk began as follows: "Duncan S. Kemp, III, District Attorney for the 21st Judicial District, Parish of Tangipahoa, State of Louisiana, charges that Wayne Anthony Corkern, on or about the 9th day of December, 1982, committed the offense of aggravated battery...."
The district attorney immediately interrupted the reading of the bill, stating that it was the wrong bill. Defense counsel moved for a mistrial under the mandatory provisions of La.C.Cr.P. art. 770, which requires that a mistrial be granted whenever a court official, during the trial, refers directly or indirectly to another crime committed or alleged to have been committed *1241 by the defendant as to which evidence is not admissible. The trial court denied the mistrial. In a per curiam response to defendant's assignment of error, the trial court noted that it denied the mistrial because La.C.Cr.P. art. 770 is directed to evidence of other crimes when that evidence is not admissible. The aggravated battery charge stemmed from the same armed robbery incident and occurred when the victim was stabbed with the knife during the robbery. The trial court's opinion states that evidence of this charge was admissible because it arose from the same incident, and defendant was thus not entitled to a mistrial. We agree.
In this case, evidence of the aggravated battery would have been admissible as part of the res gestae of the robbery. Evidence of multiple crimes committed in a single course of conduct is admissible as res gestae at the trial of the accused for the commission of one or more, but not all of the crimes committed in his course of conduct. State v. Washington, 407 So.2d 1138 (La.1981). The mistrial was properly denied.

ASSIGNMENT OF ERROR NO. TWO:
In this assignment, defendant argues the trial court erred in failing to grant a directed verdict at the close of the state's case. Defense counsel moved for a judgment of acquittal based on the state's not having proved the defendant was a perpetrator of the crime nor defendant's specific intent to commit an armed robbery, an essential element of the crime. The trial court properly denied the motion.
A defendant is not entitled to a directed verdict of acquittal in a jury trial. La.C.Cr.P. art. 778; State v. Stevenson, 447 So.2d 1125 (La.App. 1st Cir.1984). However, in State v. Smith, 430 So.2d 31 (La.1983), the Louisiana Supreme Court indicated that, although a motion for acquittal was not a proper way for a defendant to raise the issue of the sufficiency of the evidence, the court would, nevertheless, consider the merits of the argument by treating the acquittal motion as a motion for a new trial. We note that defendant herein could have properly presented the issue of the sufficiency of the evidence through an assignment of error. Thus, although we find no error procedurally in the denial of the directed verdict by the trial court, we will review the sufficiency of the evidence as though it had been raised in the proper procedural context.
The standard of review of the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the prosecution, any rational juror could have found that the state proved the essential elements of the crime charged. La.C. Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983). We find the state met that standard.
Defendant argues that the state failed to present positive proof that defendant was one of the perpetrators of the robbery, and that defendant had the specific intent to commit the robbery.
The victim identified defendant as one of the perpetrators. Defendant argues the victim's identification of him was faulty because the victim described him as having short hair and a clean shaven face at the time of the incident, while other evidence indicated that defendant had a mustache and long hair at the time of the robbery.
Initially, we note that the identification of defendant was not at issue because, in his taped statement, defendant admitted that he was present at the robbery. In finding defendant guilty, it is obvious that the jury believed the victim. The testimony of the victim is sufficient to establish the elements of an offense. State v. Johnson, 446 So.2d 1371, (La.App. 1st Cir.1984), writ denied, 449 So.2d 1347 (La.1984). The credibility of the victim's testimony is a matter of weight of the evidence. A determination of the weight to be given evidence is a question of fact for the trier of fact, not subject to appellate review. Johnson, 446 So.2d at 1375. This argument is without merit.
*1242 Defendant also argues that the state did not prove he had the specific intent to commit the robbery. Defendant argues he had no motive to commit the robbery and that, in essence, he merely accompanied the other men, and was not involved in the planning or execution of the offense.
Intent is a question of fact, and may be inferred from the circumstances of the transaction. La.R.S. 15:445. Defendant has never raised the issue as to any possible coercion on the part of the coperpetrators to force him to commit the crime. The victim expressly testified that defendant assisted in the robbery. Where a statute has made it a crime to do a particular act, no further proof of intent is required than that the accused voluntarily did the act. La.R.S. 15:444. This argument has no merit.

ASSIGNMENT OF ERROR NO. THREE:
Defendant argues the trial court erred in denying defendant's motion to have the jury view the scene of the crime. Defendant submits that knowledge of the layout of the rest area is crucial for a determination of the victim's credibility.
It is well settled that the decision regarding whether to grant or deny a motion to have a jury view the scene of the crime is within the sound discretion of the trial court, whose ruling will not be disturbed on appeal absent an abuse of that discretion. La.C.Cr.P. art. 762(2); State v. Moore, 432 So.2d 209 (La.1983), cert. denied, ___ U.S. ___, 104 S.Ct. 435, 78 L.Ed.2d 367 (1983). Defendant exhibit Number 3 is defendant's own hand-drawn sketch of the layout of the rest area. We find this sketch plus the testimony of the witnesses was sufficient to show clearly the layout of the crime scene and participants. State v. Moore, 432 So.2d at 216. It was not necessary for the jury to view the scene in order for the defendant to receive a fair and impartial trial. The trial court did not abuse its discretion in denying defendant's motion.

ASSIGNMENT OF ERROR NO. FOUR:
Defendant argues the sentence imposed is excessive, and that the trial court did not adequately articulate its reasons for the imposition of the sentence. In arguing that the sentence is excessive, defendant stresses that the court erred in ordering the sentence to be served consecutive to the remainder of an existing year sentence which defendant is presently serving.
At the time of the commission of the instant offense, defendant was on probation for an earlier conviction. He testified at the sentencing hearing that he was, in fact, classified as a third felony offender, and that his probation had been revoked as a result of this conviction. Defendant does not allege, nor does the record reflect, that these two offenses were part of a common scheme or plan, nor do they appear to be part of the same act or transaction. In this factual posture, these sentences would be served consecutively as a matter of law unless the trial court directed otherwise. La.C.Cr.P. art. 883. The sentence is not excessive because it was imposed consecutively. State v. Young, 432 So.2d 1012 (La.App. 1st Cir.1983).
As for the length of the sentence, we find it is not excessive. The trial court has wide discretion in the imposition of sentences, and, given compliance with the criteria listed in La.C.Cr.P. art. 894.1, a sentence will not be set aside absent an abuse of that discretion. State v. Wardlow, 448 So.2d 257 (La.App. 1st Cir.1984).
The maximum sentence of imprisonment which defendant could have received for the conviction of simple robbery is imprisonment, with or without hard labor for not more than seven years. La.R.S. 14:65. In sentencing defendant to a term of five years, the court noted defendant's two prior felony convictions, that defendant had been in trouble since he was a juvenile, and that defendant was in need of correctional treatment or a custodial environment because it believed defendant would not stay out of trouble unless incarcerated.
*1243 We find adequate articulation of the trial court's reasons for the imposition of this sentence, and that the sentence is not so excessive as to constitute an abuse of discretion.
For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.