BYRNES, Judge.
Defendant, Gleansell Gordon, was convicted of armed robbery, a violation of R.S. 14:64. He plead guilty to a multiple bill and was sentenced to 198 years at hard labor without benefit of parole, probation or suspension of sentence. This appeal followed.
On May 30, 1984, Gordon approached Lionel M. Williams, Jr., an employee of South Central Bell who had been working at a building on Baronne Street in New Orleans. The South Central Bell van assigned to him was parked nearby. After a brief conversation, Gordon called to another man across the street and left Williams. He and the other man returned a minute later. Gordon was holding a gun, and demanded money from Williams. When Williams replied that he had no money, Gordon and the other man made him get into the South Central Bell van and drive around the city. After about an hour, Gordon finally told Williams to stop the van at the Magnolia Inn. He then took Williams’ wedding ring, watch and credit cards. He also took some tools from the van.
Officer Gerard Dugue and his partner, who happened to be in the area, observed Gordon as he was unloading some of these tools and carrying them to the rear of a nearby house. The officers decided to investigate, but as they approached, someone in the neighborhood yelled “Police.” The defendant’s accomplice ran from the van and escaped. Gordon was apprehended and detained. Williams, told Officer Du-gue that he had just been robbed and identified Gordon as one of the robbers. A search of Gordon produced Williams watch, wedding ring, credit cards, and some bullets. Gordon denied all this at trial and testified that the officers had set him up when he refused to sell cocaine for them.
We have reviewed the record of defendant’s conviction for errors patent and have found none. We have also reviewed the evidence against Gordon and find that it was sufficient to support a conviction.
To support a conviction of armed robbery, it must be proven that something of value was taken from a person or from his immediate control by use of force or intimidation, while armed with a dangerous weapon. R.S. 14:64
In this case, the testimony of Williams and the arresting Officers showed that Gordon took Williams’ wallet at gun point, made him drive a South Central Bell van around the city, and then took tools and other equipment from the van. This was sufficient to convict Gordon of armed robbery beyond a reasonable doubt. State v. Hogan, 403 So.2d 1210 (La.1981).
Gordon also contends that his 198 year sentence was excessive. We do not agree.
In State v. Douglas, 389 So.2d 1263 (La.1980), the Supreme Court upheld a 99 year sentence for armed robbery in a case where the trial judge did not specifically mention mitigating circumstances in his reasons for sentence, found that the defendant had an extensive record of prior convictions and was an incorrigable and violent criminal. The Court concluded that the trial judge had adequately complied with C.Cr.P. Art. 894.1, reasoning that:
*883 Although the sentencing judge did not enumerate each factor listed in Art. 894.-1, we accept the judge’s assertion that he based his very lengthy sentence on defendant’s prior criminal history and the violent manner in which defendant perpetrated the offense in question. Thus, while a more detailed recitation would have been more helpful, the record provides this court with an adequate basis for review and constitutes adequate compliance with C.Cr.P. art. 894.1.
The Court went on the state:
Furthermore, defendant apparently presented no mitigating facts to the trial court, and none were apparent from the circumstances of the case. While defendant urges that the sentence was excessive, any factors weighing in favor of a lesser sentence were not presented to the trial court and have not been argued on appeal.
In this case as in Douglas, the trial court did not specifically mention mitigating factors. However, it is apparent that the facts of the case and the defendant’s background negated the influence which any mitigating factors might have had on the case. Moreover, as in Douglas, the defendant presented no evidence of mitigating factors to the trial court, nor were such factors apparent from the circumstances of the case. Although it is preferable for the trial judge to articulate this determination, the record in this case provides an adequate basis for this court to find compliance with C.Cr.P. Art. 894.1.
The trial judge considered Gordon’s extensive prior criminal record, which included five armed robberies and four burglaries, as well as the fact that he terrorized his victim by making him drive around town at gunpoint, and concluded that incarceration for 198 years was appropriate. While this sentence is the maximum that could be imposed on Gordon as a multiple offender, we cannot say that it was excessive, given the circumstances of this case. See: State v. Donahue, 408 So.2d 1262 (La.1982), State v. Douglas, supra.
For the foregoing reasons, the. defendants conviction and sentence are affirmed.
AFFIRMED.