519 So.2d 292 (1988)
STATE of Louisiana
v.
Philip FRANKLIN.
No. 87-KA-443.
Court of Appeal of Louisiana, Fifth Circuit.
January 11, 1988.
John M. Mamoulides, Dist. Atty., Dorothy Pendergast, Asst. Dist. Atty., Gretna, for plaintiff-appellee.
Bruce Whittaker, Gretna, for defendant-appellant.
*293 Before CHEHARDY, KLIEBERT and DUFRESNE, JJ.
DUFRESNE, Judge.
The defendant, Philip Franklin was charged by bill of information with Armed Robbery in violation of R.S. 14:64. The defendant went to trial on January 6-7, 1986, and a twelve person jury found him guilty as charged. On May 9, 1986, he was adjudicated a third offender and sentenced to one hundred ninety-eight years at hard labor without benefit of parole, probation, or suspension of sentence. On appeal, the defendant's conviction was affirmed. The defendant's adjudication as a third felony offender was vacated and the case remanded for resentencing. State v. Franklin, 501 So.2d 881 (La.App. 5th Cir.1987). On April 9, 1987, he was resentenced as a second offender to a term of one hundred ninety-eight years at hard labor to be served consecutively to a thirty-three year sentence he was serving for a subsequently committed armed robbery. On April 10, 1987, the court added that the sentence imposed be served without benefit of probation, parole or suspension of sentence. Also, on April 9, 1987, the defendant filed Motion for Appeal and urged that the trial court imposed an excessive sentence.
We find no merit in this assignment and accordingly, Franklin's sentence is affirmed.

FACTS
The following facts were taken from State v. Franklin, supra at page 882:
On March 13, 1985, at approximately 1:30 a.m. Mrs. Ann Debary and Mrs. Marjorie Beck Wesley were approached by a black male subject as they left their place of employment, Shoney's Restaurant on Clearview Parkway in Metairie. The subject grabbed Wesley by the hair, thrust a gun in her face, and ordered the women to re-enter the restaurant. Debary unlocked the door and found the night porter, Joseph Tripple, standing just inside. The employees were herded into the kitchen and ordered to lie on the floor.
Debary, the manager, was struck several times and forced to open the safe. As the subject removed currency, Debary attempted to disarm him; however, she was overpowered and struck several times on the head with the gun. The subject then grabbed one of Wesley's legs and, after dragging her across the floor, struck her also. The subject escaped with $1200.00 from the safe. Tripple called the police and, upon arrival, provided a description of the subject and his vehicle.
During the course of the investigation the defendant was developed as a suspect. He was arrested in Gretna on April 18, 1985, while occupying a vehicle with Joseph Tripple. A .25 caliber automatic, which had been purchased by the defendant on February 21, 1985, was found on the right rear floor board. A photographic lineup was prepared and presented to Wesley and Debary; both women identified the defendant as the gunman.
Article I, Section 20 of the Louisiana Constitution of 1974 mandates that a defendant shall not be subjected to cruel, excessive or unusual punishment. A sentence, although falling within statutory guidelines, may violate a defendant's right against excessive punishment and is therefore reviewable on appeal. State v. Telsee, 425 So.2d 1251 (La.1983). A sentence is excessive if "grossly out of proportion to the severity of the crime" or "nothing more than the purposeless and needless imposition of pain and suffering." State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert. den. Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). See also State v. Gordon, 504 So.2d 1135 (La. App. 5th Cir.1987).
C.Cr.P. art. 894.1 sets forth guidelines for the court to consider in imposing sentence. In order to facilitate adequate review, there should be an indication in the record that the trial court considered both aggravating and mitigating factors of C.Cr.P. art. 894.1 in imposing sentence. State v. Davis, 449 So.2d 452 (La.1984). The trial court need not articulate each *294 aggravating and mitigating factor; the record need only reflect that they were considered in imposing sentence. State v. Gordon, supra; State v. Accardo, 466 So.2d 549 (La.App. 5th Cir.1985), writ den. 468 So.2d 1204 (La.1985).
A reviewing court should determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of his case, noting that maximum sentences are reserved for the most blameworthy of offenders. State v. Guajardo, 428 So.2d 468 (La.1983). Additionally, the reviewing court may examine the sentences imposed for similar crimes by the same court and other courts in determining a sentence's excessiveness. State v. Finley, 432 So.2d 243 (La.1983); State v. Gaudin, 493 So.2d 234 (La.App. 5th Cir.1986) writ grant, 498 So.2d 749 (La.1986), appeal after remand, 508 So.2d 594 (La.App. 5th Cir.1987).
A review of the sentencing transcript of April 9, 1987, at which the sentence at issue was imposed reflects that the trial court considered the entire pre-sentence investigation report in imposing the sentence. The court noted that the thirty-year-old defendant had obtained a high school equivalency diploma (G.E.D.), that his occupation was as a painter, that he had not abused drugs or alcohol and had no mental or physical health problems. The defendant had a prior conviction for forcible rape (the basis of the multiple offender bill) and that after committing the instant offense, the defendant was again convicted of armed robbery and sentenced to thirty-three years. In addition, the defendant had also been charged with possession of a firearm by a convicted felon. The court then stated it felt that there was an undue risk that the defendant would commit another crime if on probation, that the defendant's sentence could not be suspended because he was a multiple offender, that the defendant was in need of correctional treatment, that the defendant was a "menace to society" and that the circumstances of the crime, indicating that the defendant severely beat an employee of Shoney's with a pistol and took over $1,000.00, warranted the sentence of one hundred ninety-eight years.
It appears that the trial court considered the guidelines of C.Cr.P. art. 894.1, although the mitigating factors were not expressly stated, in imposing sentence.
The defendant in brief argues that he is not the most blameworthy of offenders for which the maximum sentence is reserved. However, comparing this case with others imposing the maximum sentence supports a determination to the contrary.
In State v. Gordon, 477 So.2d 881 (La. App. 4th Cir.1985) the defendant was convicted of armed robbery and sentenced as a habitual offender to one hundred ninety-eight years. The defendant and another man demanded money at gunpoint from the victim, who was an employer of South Central Bell. When the victim replied that he had no money, the defendant and his co-perpetrator made the victim drive them around the city in a South Central Bell van. After an hour, the victim was allowed to stop. The defendant took the victim's wedding ring, watch, and credit cards, and some tools from the van. The defendant had a prior criminal record which included five armed robberies and four burglaries. The maximum sentence was found not to be excessive.
In State v. Howard, 441 So.2d 389 (La. App. 4th Cir.1983), the court upheld a one hundred ninety-eight year sentence given to a twenty-two year old defendant who was adjudicated a second offender. The defendant had two previous convictions for carrying concealed weapons and one previous conviction for burglary. The defendant accosted two women with a knife, and seriously injured one of the women while taking her purse. In State v. Cockerham, 496 So.2d 1194 (La.App. 5th Cir.1986), the defendant was convicted of five counts of armed robbery. This court upheld his sentence of four terms of ninety-nine years, concurrent and one term of ninety-nine years, consecutive for a total of one hundred ninety-eight years. The defendant, along with two other men, entered a shoe store and robbed the five employees present. The defendant struck one of the *295 victims with the butt of his pistol destroying her left eye.
Other sentences in which terms of one hundred ninety-eight years have been upheld include State v. Donahue, 408 So.2d 1262 (La.1982); State v. Johnson, 443 So.2d 744 (La.App. 4th Cir.1983); State v. Thomas, 463 So.2d 94 (La.App. 3rd Cir. 1985).
Viewing the sentence in proportion to the severity of the crime, the trial court has not abused its discretion in imposing the maximum sentence. Likewise, a comparison of the defendant's sentence to that imposed in other cases does not reflect error.
In addition, the range of sentence for this defendant is from thirty-three to one hundred ninety-eight years. See R.S. 14:64; 15:529.1. Here, even if the thirty-one year old defendant were to be given the minimum thirty-three year sentence, consecutive to his thirty-three year term for an independent armed robbery [See C.Cr.P. art. 883 and State v. Corkern, 461 So.2d 1238 (La.App. 1st Cir.1984) ] the sixty-six year sentence would result in a life sentence. As stated by the Fourth Circuit:
This defendant is 34 years old. Whether his sentence is 99 years or 297 years he will be in jail for the rest of his life unless he is pardoned. Remanding for resentencing under these circumstances is an academic exercise which has no practical benefit to anyone. It is the type of exercise which subjects judges and lawyers to well deserved criticism for wasting time on technicalities. Hopefully, the time of the judge, prosecutor, indigent defendant and court employees can be spent more profitably. The interest of the court system and society can be better served by closing the books on this case and letting the defendant start officially serving his lifetime sentence whether it has a label on it of 99 years or 298 years.
State v. Mosely, 466 So.2d 733, 736 (La. App. 4th Cir.1985), writ den. 468 So.2d 1202 (La.1985). See also State v. Cockerham, supra.
This assignment has no merit. Accordingly, the defendant's conviction and sentence are affirmed.
AFFIRMED