NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-931

STATE OF LOUISIANA

VERSUS

LARRY JOSEPH MCKITHERN
AKA - LARRY MCKITHERN
AKA - LARRY J. MCKITHERN

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 3678-11
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and
John E. Conery, Judges.

AFFIRMED AS AMENDED.

**John F. DeRosier**
**District Attorney**
**Carla S. Sigler**
**Karen C. McLellan**
**Assistant District Attonreys**
**Fourteenth Judicial District**
**P.O. Box 3206**
**Lake Charles, LA 70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Edward K. Bauman**
**Louisiana Appellate Project**
**P.O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Larry Joseph McKithern**
    **a/k/a Larry Joseph McKithern**
    **a/k/a Larry J. McKithern**

**Larry McKithern**
**a/k/a Larry Joseph McKithern**
**a/k/a Larry J. McKithern**
**Camp D - Eagle - 3**
**Louisiana State Prison**
**Angola, LA 70712**
**In Proper Person**

PETERS, J.

The defendant, Larry J. McKithern, appeals the sentences imposed on him as a habitual offender as being excessive. For the following reasons, we affirm the sentence for armed robbery in all respects. We amend the sentence imposed for aggravated arson and affirm it as amended.

## DISCUSSION OF THE RECORD

The defendant was originally charged on July 21, 2009, by grand jury indictment with armed robbery, a violation of La.R.S. 14:64, and aggravated arson, a violation of La.R.S. 14:51. A jury found him guilty of both charges on December 2, 2010, and at the conclusion of the trial, the State of Louisiana (state) announced its intention to file a habitual offender bill.

The state did file a habitual offender bill, and at the March 9, 2011 sentencing hearing, the trial court adjudicated the defendant a second habitual offender. After doing so, and pursuant to La.R.S. 15:529.1, the trial court sentenced the defendant to 130 years on the armed robbery conviction and thirty years on the aggravated arson conviction. Additionally, the trial court ordered that the sentences run consecutively.

The defendant timely appealed his convictions, and on appeal, this court affirmed his convictions but vacated his adjudication as a habitual offender. In doing so, this court found that the state failed to provide adequate proof that the ten-year cleansing period of La.R.S. 14:529.1(C), had not elapsed. After vacating the original habitual offender sentence, this court remanded the matter to the trial court with instructions for it to reconsider the defendant's habitual offender status, and if he was again adjudicated a habitual offender, to resentence him. *State v. McKithern*, 11-1402, 11-1111 (La.App. 3 Cir. 5/2/12), 93 So.3d 684 and 697, *writ denied*, 12-1653 (La. 3/1/13), 108 So.3d 782.

The trial court responded to the instructions on remand by holding a hearing on May 19, 2014. Although the defendant was present in the courtroom at the outset of the hearing, he was subsequently removed because of his unruliness, and he appeared via audio-visual transmission from the Calcasieu Correctional Center for the remainder of the hearing.

At the hearing on remand, the trial court found the cleansing period was not exhausted and again adjudicated the defendant as a second felony habitual offender. The trial court then sentenced the defendant to 110 years on the armed robbery conviction and twenty years on the aggravated arson conviction. Both sentences were ordered to be served without probation, parole, or suspension of sentence and to run consecutive to one another.

After the defendant's pro se motion to reconsider his sentences was rejected by the trial court, the defendant filed this appeal. In his sole assignment of error, the defendant asserts that the trial court erred by imposing excessive sentences. Basically, the defendant asserts that the trial court failed to comply with the requirements of La.Code Crim.P. art. 894.1; and particularly, La.Code Crim.P. art. 894.1(C), in that it did not "state any aggravating circumstances warranting such severe sentences."

**OPINION**

The underlying facts giving rise to the convictions in this matter were set forth in the original opinion of this court, and reference is made herein for a more expansive summary of those facts. *McKithern*, 93 So.3d 684. It is sufficient for the purpose of this opinion to say that after a day of drinking, the defendant robbed three men at knifepoint in their camper trailer. He then poured an accelerant on the men and around the trailer, barricaded the door, and set it on fire. As the defendant

2

left the trailer, the three men were able to exit the trailer before being severely burned or killed.

The underlying offense giving rise to the habitual offender proceeding was a manslaughter conviction in Plaquemines Parish on March 8, 1988, for which the defendant was sentenced to eighteen years at hard labor. The remand in the prior opinion was based on the fact that the state failed to show whether the defendant's discharge was actually eighteen years after sentencing or at an earlier or later date. That being the case, it was unclear whether the later convictions fell outside or inside the ten-year cleansing period of La.R.S. 15:529.1(C). On remand, the trial court found that less than ten years had elapsed between the date of the commission of the current offenses and the expiration of the sentence of the previous conviction. That is not an issue in this appeal.

Louisiana Revised Statutes 14:64(B) provides that "[w]hoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence." Additionally, La.R.S. 14:51(B) provides:

> Whoever commits the crime of aggravated arson shall be imprisoned at hard labor for not less than six nor more than twenty years, and shall be fined not more than twenty-five thousand dollars. Two years of such imprisonment at hard labor shall be without benefit of parole, probation, or suspension of sentence.

With regard to the habitual offender sentence, La.R.S. 15:529.1(A)(1) provides:

> If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction.

3

Additionally, La.R.S. 15:529.1(G) provides that "[a]ny sentence imposed under the provisions of this Section shall be at hard labor without benefit of probation or suspension of sentence."

The effect of these provisions on the defendant's convictions and habitual offender status is that he could have been sentenced to anywhere between 49.5 to 198 years for the armed robbery conviction and anywhere between ten and forty years for the aggravated arson conviction. Additionally, the sentences would be without benefit of probation or suspension of sentence. He was sentenced to 110 years on the armed robbery conviction, or a little more than one-half of the maximum sentence available; and he was sentenced to twenty years on the aggravated arson conviction, or exactly one-half of the maximum sentence available, given his habitual offender status. Still, in practicality, the defendant received a life sentence because he will not live long enough to serve 130 years in prison.

This court has previously discussed the standard for reviewing excessive sentence claims:

> [Louisiana Constitution Article] I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042 (second alteration in original) (citations omitted), *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

4

Even though a penalty falls within the statutory sentencing range, it may still be unconstitutionally excessive:

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991) Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

Regarding La.Code Crim.P. art. 894.1, this court, in *State v. H.A., Sr.*, 10-95, pp. 25-26 (La.App. 3 Cir. 10/6/10), 47 So.3d 34, 50 (alteration in original), has explained:

> As noted in *State v. Smith,* 433 So.2d 688, 698 (La.1983) (citations omitted), "[w]hile the trial judge need not articulate every aggravating and mitigating circumstance outlined in art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant." This does not mean, however, that the trial judge's failure to comply with Article 894.1 renders a sentence invalid, as the goal of this article is articulation of the factual basis for a sentence, "not rigid or mechanical compliance with its provisions." *State v. Lanclos*, 419 So.2d 475, 478 (La.1982). Accordingly, if "the record clearly shows an adequate factual basis for the sentence imposed[,] . . . remand is unnecessary, even where there has not been full compliance with Article 894.1." *Id.*

Additionally, La.Code Crim.P. art. 881.4(D) provides that "[t]he appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed."

In this case, the defendant is correct that during the sentencing hearing on remand, the trial court did not orally refer to the sentencing guidelines under

La.Code Crim.P. art. 894.1. We note that La.Crim.Code art. 894.1(B) only relates to situations where there is the possibility of a suspended sentence. Here, the defendant is not subject to probation or the suspension of sentence pursuant to La.R.S. 15:529.1(G). However, the trial court had already had the opportunity to sentence the defendant and was actually resentencing him in this proceeding. At the original sentencing hearing on March 9, 2011, the trial judge had commented:

> Well, he didn't take a life here, but that was by the extreme good fortune and reaction of the three people that he was trying to burn up in the trailer. And I think that was proven beyond a reasonable doubt.
>
> Now, why he wasn't charged with that, I don't know. But his so-called friends, he left in a trailer and started a fire and then tried to blockade them inside, so that's about as aggravated as it gets without actually [sic] taking of lives.

Additionally, when the state's counsel asked at the resentencing hearing if the sentences imposed were "based on [the defendant's] nature as a recidivist violent felon," the trial judge responded, "Correct." Other than these comments, the trial judge did not refer to the La.Code Crim.P. art. 894.1 factors or otherwise indicate that he had considered them.

The record from the May 19, 2014 hearing, does show that the defendant's birth date is June 11, 1960, that he was he was forty-eight years old at the time of his offenses, and that he had previously been charged with second degree murder, but convicted of manslaughter in the Twenty-Fifth Judicial District Court on March 4, 1988. The record also establishes that the defendant's parole was revoked on August 18, 2004, for new criminal activity on his part, and that he was convicted of possession of stolen things over $500.00. The trial court found that the state proved the defendant's cleansing period had not been exhausted, and properly adjudicated him a second felony habitual offender. Additionally,

although there was some discussion concerning resentencing the defendant to the same sentence originally imposed, the trial court actually imposed sentences thirty years less than it had previously imposed.

Applying the factors of La.Code Crim.P. art. 894.1, we find that the defendant's conduct during the commission of these crimes manifested deliberate cruelty to the victims, who were, as noted by the trial judge, alive only by "extreme good fortune." The defendant knowingly created a risk of death or of great bodily harm to multiple persons, and he used a dangerous weapon while committing the offenses. One of the defendant's victims sustained non-burn injuries, and the other sustained serious burns as a result of the fire. There are no mitigating factors present to favor the defendant, and we find that the sentences are not excessive. *See State v. Fuller*, 07-319 (La.App. 5 Cir. 2/19/08), 980 So.2d 45, *writ denied*, 08-705 (La. 10/10/08), 993 So.2d 1282 (maximum sentence of ninety-eight years without benefit of parole, probation, or suspension of sentence imposed on second felony habitual offender for armed robbery); *State v. Smith*, 04-340 (La.App. 5 Cir. 10/26/04), 888 So.2d 280 (maximum sentence of ninety-eight years without benefit of parole, probation, or suspension of sentence imposed on second felony habitual offender for armed robbery with the underlying offense being theft over $500.00, and a companion conviction of second degree kidnapping); and *State v. Freeman*, 00-238 (La.App. 3 Cir. 10/11/00), 770 So.2d 482, *writ denied*, 00-3101 (La. 10/5/01), 798 So.2d 963 (maximum sentence of ninety-eight years without benefit of parole, probation, or suspension sentence imposed on second felony habitual

7

offender for two armed robberies of the same business).[1]  Any lesser sentences than those imposed would deprecate the severity of the defendant's crimes.

However, we do find that the sentence imposed for the aggravated arson is excessive in form.  The trial court ordered that the complete sentence be imposed without benefit of parole, probation, or suspension of sentence.  The underlying sentence for aggravated arson as set forth in La.R.S. 14:51(B), provides that only two years of any sentence can be served without the benefits of parole, probation, or suspension of sentence.  However, La.R.S. 15:529.1(G) only allows for the imposition of sentence without benefit of probation or suspension of sentence; it does not preclude parole eligibility.  Thus, we amend the sentence imposed to provide that only two of the twenty years imposed may be served without benefit of parole.  We leave the remainder of the sentence as was imposed by the trial court.

## DISPOSITION

We affirm in full the habitual offender sentence imposed on the defendant for the armed robbery offense.  We amend the habitual offender sentence imposed for the aggravated arson offense to limit the parole restriction to two years, and affirm the habitual offender sentence as amended.  We instruct the trial court to note the amendment in the court minutes.

**AFFIRMED AS AMENDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.

---

[1] In *Freeman*, 770 So.2d at 491, the court noted that "[t]he jurisprudence is replete with cases in which 198-year sentences have been approved for armed-robbery habitual offenders," citing *State v. Donahue*, 408 So.2d 1262 (La.1982); *State v. Jolla*, 337 So.2d 197 (La.1976); *State v. Gordon*, 582 So.2d 285 (La.App. 1 Cir. 1991); *State v. Franklin*, 519 So.2d 292 (La.App. 5 Cir. 1988); and *State v. Gordon*, 477 So.2d 881 (La.App. 4 Cir. 1985).